UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

EDWARD V. PERPLIES,
           Appellant,

      v.

DEPARTMENT OF LABOR,
           Agency.

DOCKET NUMBER
SF-0752-14-0200-I-1

DATE: September 19, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Edward V. Perplies</u>, Esquire, Arleta, California, pro se.

<u>Andrew J. Schultz</u>, San Francisco, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of proving, by a preponderance of the evidence, that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2)(i). An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary resignation or retirement only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985). To meet the nonfrivolous standard, an appellant need only plead allegations of fact that, if proven, could show jurisdiction. *Pariseau v. Department of the Air Force*, 113 M.S.P.R. 370, ¶ 14 (2010). Mere pro forma allegations, however, are insufficient to meet this standard. *Id.*

¶3 In actions like the one at issue here, i.e., a retirement initiated by an employee in a situation where there has been no threat of an adverse action, such as a removal, the appropriate test for voluntariness is whether, under all of the circumstances, working conditions were made so difficult by the agency that a

reasonable person in the appellant's position would have felt compelled to resign or retire.  *See, e.g.*, *Markon v. Department of State*, [71 M.S.P.R. 574](#), 577 (1996). In cases where intolerable working conditions are alleged, both the courts and the Board will find an action involuntary only if the employee demonstrates that the employer or agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign or retire.  *Id*. at 577-78.  When an appellant raises allegations of discrimination or reprisal in connection with an involuntariness claim, evidence of discrimination may be considered only in terms of the standard for voluntariness in a particular situation—not whether such evidence meets the test for proof of discrimination or reprisal established under Title VII.  *Id*. at 578.  Thus, evidence of discrimination or retaliation goes to the ultimate question of coercion, i.e., whether under all of the circumstances working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to resign or retire.  *Id*.

¶4      The appellant filed an appeal in which he alleged that he involuntarily retired from his position as a GS-12 Investigator for the agency's Employee Benefits Security Administration.  Initial Appeal File (IAF), Tab 1.  The administrative judge subsequently informed the appellant of the elements and burdens of establishing jurisdiction over an involuntary retirement.  IAF, Tab 2 at 2-3.  The appellant responded, arguing that his physical and emotional health was impacted by his placement on a performance improvement plan (PIP) in August 2012, and the agency's subsequent enforcement of that PIP.  IAF, Tab 6 at 2.  The appellant asserted that the PIP was vague and overbroad and that the agency intentionally scheduled weekly PIP meetings such as to interfere with his regular mealtimes,[2] which he contended affected the blood-sugar regimen that he

---

[2] The appellant argued that the agency "compelled [his] attendance during required meals," but he also cited the agency's failure under the PIP "to regularly schedule

had implemented upon his physician's advice and that was necessitated by his known diabetic condition. *Id.* at 2-3. The appellant also asserted that the agency failed to disclose that he could not receive his full retirement annuity at age 58 until after he had already accepted his position.[3] *Id.* The agency moved to dismiss the appeal for lack of jurisdiction, IAF, Tab 8, and the administrative judge granted the agency's motion, finding that the appellant failed to make nonfrivolous allegations that the agency created working conditions so intolerable that a reasonable person in the appellant's position would have felt compelled to retire, IAF, Tab 10, Initial Decision (ID) at 7-8.

¶5    With his timely-filed petition for review, the appellant seeks to introduce new evidence, a letter from a coworker concerning one of the individuals that the appellant alleges was responsible for the hostile work environment that compelled him to retire. Petition for Review (PFR) File, Tab 1 at 1, 7-8; Tab 4. The appellant claims that, although the letter is dated October 4, 2013, it was made available to him on February 20, 2014, PFR File, Tab 1 at 1, and he states that he

---

weekly meetings with any predictability or regularity" as evidence that his subsequent retirement was involuntary. IAF, Tab 6 at 2.

[3] According to the agency, the appellant served in his position for over 12 years at the time he retired. IAF, Tab 8 at 1. It appears that the appellant is arguing that the agency misled him by omission at the time it hired him that he could receive a full annuity after 5 years of creditable service regardless of his age at the date he chose to retire, and that he relied on that omission to his detriment, *see* IAF, Tab 6 at 2, but he offers nothing to support this bare allegation. Moreover, something that occurred 12 years before the alleged involuntary retirement at issue is most likely too attenuated to have caused a reasonable person under these circumstances to retire. *See, e.g.*, *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 10 (2000) (although other periods are not categorically excluded, the circumstances existing immediately before the actual date of the action are the most relevant in determining the voluntariness of that action). Nevertheless, even if the appellant established this, an employee's eligibility for a retirement annuity is fixed by statute and regulation. *See* 5 U.S.C., chapter 84; 5 C.F.R., parts 841-46. The government cannot be estopped from denying benefits not otherwise permitted by law even if the claimant was denied monetary benefits because of his reliance on the mistaken advice of a government official. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990).

did not supplement the evidence earlier because he had already submitted two other coworker statements as exhibits in his presentation below, *id.*; *see* IAF, Tab 9, Exhibits 24, 26. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant does not say why the statement was previously unavailable to him despite his due diligence, and as noted above, he acknowledges in his petition for review that the evidence is cumulative. PFR File, Tab 1 at 1; *compare* PFR File, Tab 1 at 7-8, *with* IAF, Tab 9, Exhibits 24, 26. Moreover, the letter does not show that the administrative judge erred in finding that a reasonable person under these circumstances would not have felt compelled to retire. *See* PFR File, Tab 1 at 7-8. The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *E.g.*, *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶6 The appellant also argues that he would be able to prove his claim at trial, asserting that a dismissal of his appeal without affording him an opportunity to supplement his pleadings will cause him irreparable harm. PFR File, Tab 1 at 2. However, as noted above, an appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary resignation or retirement only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess*, 758 F.2d at 643. The administrative judge gave the appellant ample notice of the burden he must meet to receive a hearing on his claim and she set a time for the record on the jurisdictional issue to close. IAF, Tab 2 at 2-4. That was the time for the appellant to have submitted his evidence. Having then elected to proceed without attempting to introduce the evidence he now seeks to submit on review, the appellant, who is an attorney representing himself pro se in this matter, may not at this stage seek to

supplement the record with evidence that was apparently available to him before the record closed. *Cf. Kopp v. Department of the Air Force*, 33 M.S.P.R. 624, 629 (1987) (a mistaken litigation strategy does not provide an adequate basis for reopening the record).

¶7  Ultimately, we agree with the administrative judge that the appellant failed to nonfrivolously allege that his retirement was involuntary. Applying the standard set forth in *Markon,* we find that the appellant failed to nonfrivolously assert that his daily working conditions were so intolerable that a reasonable person in his position would have felt compelled to retire. *See, e.g.*, *Miller, 85 M.S.P.R. 310*, ¶ 32 (dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign). Although the appellant alleged that he was subjected to a discriminatory and hostile workplace, culminating in his placement on a PIP, and was required to perform unspecified unethical and unlawful acts in connection with his employment, *see, e.g.*, IAF, Tab 1 at 8-12, the totality of the circumstances based on the evidence that the appellant submitted, IAF, Tab 9, does not support his allegations, and instead reflects, as the administrative judge correctly found, "the common workplace situations where there is disagreement with the supervisors over work product and performance deficiencies which resulted in a PIP," ID at 7.

¶8  Although the appellant clearly believed that he might be subject to discipline in the future as a result of the PIP, there is no evidence that such an action was planned, and an employee's anticipation of an adverse action does not constitute coercion or duress on the part of an agency. *See Holman v. Department of the Treasury*, 9 M.S.P.R. 218, 220 (1981), *aff'd*, 703 F.2d 584 (Fed. Cir. 1982) (Table). Although the prospect of facing such an action is an unpleasant choice, the appellant always had the option of waiting and contesting such an action if he thought it unjustified. *See, e.g.*, *Schultz v. Department of the Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987); *Aurandt v. Department of the Air Force*,

53 M.S.P.R. 591, 595 (1992). The appellant's decision to retire, in lieu of facing any potential adverse consequences he anticipated as the result of being placed on a PIP does not show that his retirement was involuntary. *See Sullivan v. Department of Veterans Affairs*, 79 M.S.P.R. 81, 85 (1998); *Shaishaa v Department of the Army*, 58 M.S.P.R. 450, 454 (1993) (the prospect of possible future adverse action as the result of a PIP is speculative and not a proper basis on which to find jurisdiction over an action not otherwise appealable to the Board).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:         _____
                                                  William D. Spencer
                                                  Clerk of the Board

Washington, D.C.